## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT F. KENNEDY HUMAN
RIGHTS, *et al.*,

            *Plaintiffs*,

    v.

DEPARTMENT OF STATE, *et al.*,

            *Defendants*.

Case No. 1:25-cv-01774-JEB

## [~~PROPOSED~~] STIUPLATED PROTECTIVE ORDER

With the agreement of the parties, and for good cause shown, the Court has determined to issue this Protective Order ("Order") to govern the disclosure, use, and handling of information to be produced by the parties in the above-captioned action. IT IS HEREBY ORDERED as follows:

1.    In the above-captioned case (this "Action"), Defendants have agreed to produce certain documents to Plaintiffs to allow for briefing on cross-motions for summary judgment. The parties do not currently anticipate that this case will necessitate further productions, but Plaintiffs reserved all rights to seek discovery at a later date. Defendants also reserve all rights to seek discovery.

2.    <u>Procedure for Designation of Certain Materials as Confidential or Attorney's Eyes Only</u>. All documents Defendants have agreed to produce to Plaintiffs and all documents produced in the course of discovery, if the Court determines that discovery is appropriate, including all responses to Interrogatories, all responses to Requests for Admission, all responses to Requests for Production, and all deposition testimony and deposition exhibits shall be subject to this Order as set forth below.

(a)     The designation of confidential or attorney's eyes only information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

(b)     A party may designate materials as "Confidential" under this order when a party has a good faith belief that it contains (i) information that is sensitive, not available to the general public, and has been kept confidential pursuant to law or regulation, the disclosure of which is reasonably expected to cause harm to U.S. law enforcement interests or to the United States; (ii) personally identifying information, including without limitation social security numbers, financial information, current or past home addresses, email addresses, telephone numbers, and Alien Registration Numbers; or (iii) information prohibited from disclosure by the Privacy Act, 5 U.S.C. § 552a, unless made "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a(b)(12).

(c)     A party may designate material as "Attorney's Eyes Only" under this order only when that party has a good faith belief that it contains information that is not available to the general public and has been kept confidential pursuant to law or regulation; that the disclosure of the information is reasonably expected to cause harm to a Producing Party or to the United States; and that the information is:

(i)     law enforcement privileged, and the disclosure of which the designating party has a good faith basis to believe would harm ongoing law enforcement operations or jeopardize the safety of individuals, law enforcement officers, or the public if disclosed to the Plaintiff parties in this case, or

(ii)     information from, relating to, or exchanged with a foreign government, the disclosure of which the designating party has a good faith basis to believe would jeopardize the safety of individuals or the public, or damage relations with a foreign government, if disclosed to

2

the Plaintiff parties in this case.

(d)    To the extent any discovery in this case requests material, or documents are produced, that contains identifying information of a person or an entity (including, for example, employee name and employer), the parties reserve all rights to seek further protection of that information in addition to the procedures provided by this Order.

(e)    Portions of depositions shall be deemed Confidential or Attorney's Eyes Only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript and only to the extent they contain material designated as Confidential or Attorney's Eyes Only. Any testimony which describes material designated as Confidential or Attorney's Eyes Only shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

(f)    Material designated as Confidential or Attorney's Eyes Only under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (f) or (g) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals and attempting to settle this action).  Nothing in this Order shall prevent the parties from introducing or discussing material designated as Confidential or Attorney's Eyes Only in open court at any hearing or trial, provided that the parties provide notice so that the Court can institute any protections it deems necessary, but the parties reserve the right to seek relief from the Court in connection with that use.

(g)    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, other than the Court or Court staff under seal, except that disclosures may be made in the

3

following circumstances:

(i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(iii)   Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(iv)    Disclosure may be made to actual and potential deposition or trial witnesses in this case (including use in connection with the preparation of said witnesses). Voluntary witnesses must agree to the terms of this Order. Involuntary witnesses must be informed of the Order and its obligations. Transcripts involving the use of such documents should be labeled Confidential unless they are otherwise public.

(v)     Disclosure may be made to the parties to the Action and employees thereof who are required to provide assistance in the conduct of this litigation.

(vi)    Disclosure may be made to any other person or entity upon such terms and conditions as the Parties may agree or as the Court may order.

(h)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Attorney's Eyes Only under this Order to any other person or entity, other than the Court or Court staff under seal, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(iv)     Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(v)     Disclosure may be made to actual and potential deposition or trial witnesses in this case (including use in connection with the preparation of said witnesses). Voluntary witnesses must agree to the terms of this Order. Involuntary witnesses must be informed of the Order and its obligations. Transcripts involving the use of such documents should be labeled

Confidential unless they are otherwise public.

(vi)    Disclosure may be made to any other person or entity upon such terms and conditions as the parties may agree or as the Court may hereafter order.

(i)    Except as provided in subparagraphs (f) and (g) above, counsel for the parties shall keep all documents designated as Confidential or Attorney's Eyes Only that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(j)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential or Attorney's Eyes Only under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" if those words do not already appear. This requirement shall not apply to any copies, extracts, summaries, or descriptions of documents not produced in this litigation that are in the public domain, even if the same or similar information has been designated as Confidential or Attorney's Eyes Only under the terms of this Order.

(j)    Nothing in this Order shall limit the parties' right to disclose their own information designated Confidential or Attorneys' Eyes Only, but if any party publicly discloses such material through an authorized disclosure, or officially treats the material in a manner inconsistent with confidentiality, the parties shall confer as to the status of the designation, and, if the parties cannot come to an agreement, the non-designating party may seek relief from the Court.  Nor shall anything in this Order preclude a party from relying on or filing on the public record any information that is in the public domain or that has been obtained outside of this litigation, even if the same or similar information has been designated as Confidential or Attorney's Eyes Only under the terms of this Order.  For the avoidance of doubt, by agreeing to the terms of this Order, neither

party is agreeing that any specific material would be properly designated as Confidential or Attorney's Eyes Only under the Order.

3.    <u>Confidential or Attorney's Eyes Only Information Filed with Court</u>.  To the extent that any materials designated as Confidential or Attorney's Eyes Only under this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes Only information shall be redacted by the filing party.  Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of Court with a simultaneous motion to seal.  Filing a motion to seal pursuant to this Order does not indicate that the non-designating party agrees that materials are properly designated either Confidential or Attorney's Eyes Only.  If any material is de-designated, either by agreement of the parties or order of the Court, such materials may be filed on the public docket without further order of the Court.

4.    <u>Party Seeking Greater Protection Must Obtain Further Relief from the Court</u>.  No information may be withheld on the ground that the material to be disclosed requires protection greater than that afforded by this Order without further order of the Court. The production of classified materials, if any, will require a separate agreement.

5.    <u>Challenging Designation of Confidentiality</u>. A designation of Confidentiality or Attorney's Eyes Only may be challenged upon motion to de-designate.

(a)    A party that seeks to challenge a designation shall provide the designating party written notice of the designation(s) it is challenging and the basis of that challenge.  The parties shall meet and confer in good faith in an effort to resolve the challenge within five business days, unless the challenging party believes in good faith that a shorter timeline is necessary due to an upcoming filing deadline or an emergency circumstance.

(b)    If the parties cannot resolve the challenge within the time frame set forth in paragraph (a), or as otherwise agreed, the challenging party shall file a motion challenging the designation. The designating party shall file its response within four business days (or the time frame established by the Court). The challenging party may file a reply within two business days (or the time frame established by the Court).

(c)    The burden of proving the Confidentiality or Attorney's Eyes Only designation is warranted remains with the designating party.

(d)    For the avoidance of doubt, the Court's determination of whether the designation is warranted is not a determination of whether the designating party had a subjective good-faith belief that the designation was warranted, but whether the designation is warranted based on the substantive standards articulated herein, the public's right to transparent legal proceedings, and any other law bearing on the question.

(e)    The provisions of Federal Rule of Civil Procedure 37(a)(5) apply to such motions.

6.    <u>Return of Confidential and Attorney's Eyes Only Material at Conclusion of Litigation</u>. Within 120 days after the conclusion of the litigation (*i.e.*, after there is a final judgment no longer subject to appeal), all material designated as Confidential or Attorney's Eyes Only under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. If any party or its counsel retains Confidential or Attorneys' Eyes Only Information following the conclusion of this Litigation, it shall continue to be subject to this Confidentiality Order so long as the party retains such Confidential or Attorneys' Eyes Only Information, unless or until the designating party withdraws its claim of confidentiality or a court

determines that the designating party's claim of confidentiality is invalid.

7.    Information produced by Defendants in this Action is consistent with and covered by 5 U.S.C. § 552a(b)(12) and may therefore be made without obtaining the advance written consent of the individuals about whom any produced records or information pertain.


Dated: _____ 7/24/25 _____                    _____ /s/ _____

                                             Hon. James E. Boasberg
                                             Chief Judge