IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF STATE, *et al.*,<br><br>*Defendants*. | Case No. 25-cv-1774-JEB |

**PLAINTIFFS' MOTION TO SUPPLEMENT
THE ADMINISTRATIVE RECORD**

Plaintiffs seek leave to supplement the administrative record in this case brought under the Administrative Procedure Act. As set forth below, it is necessary and appropriate to add several documents to the record that was produced by Defendants the Department of State and Secretary of State Rubio. These documents—most of which were created by Defendants themselves—reflect information about conditions in Salvadoran prisons at the time Defendants entered into the Agreement challenged here and are necessary to facilitate the Court's consideration of Plaintiffs' APA claims.

## BACKGROUND

Plaintiffs are several organizations that are harmed—directly or through their members—by Defendants' agreement with El Salvador providing for the rendition of people from the United States into Salvadoran prisons. Plaintiffs challenge that Agreement under the APA and as ultra vires. *See* ECF No. 1.

1

After this case was filed, the parties negotiated—and the Court entered—a schedule under which Defendants agreed to produce a set of documents in order to provide a shared factual basis for summary judgment briefing. ECF No. 15. In proposing that schedule, Plaintiffs reserved all rights to seek to complete or supplement the record or to move for targeted additional discovery. *Id.* at 2 n.1. Pursuant to Local Rule 7(m), Plaintiffs have conferred with Defendants about this motion, and Defendants have stated that they "do not oppose [Plaintiffs] filing or relying in [Plaintiffs'] papers" on these documents, but that they "reserve the right to dispute their relevance and/or accuracy," and that they "would not agree they are part of the 'record.'"

## LEGAL STANDARD

"Ordinarily, 'review [in an APA case] is to be based on the full administrative record that was before the Secretary at the time he made his decision.'" *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

It is, however, appropriate to supplement the administrative record with additional materials where:

> (1) [T]he agency deliberately or negligently excluded documents that may have been adverse to its decision; (2) the district court need[s] . . . background information in order to determine whether the agency considered all of the relevant factors; or (3) the agency failed to explain administrative action so as to frustrate judicial review.

*Id.* (quotation marks and citations omitted); *accord Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 55 (D.C. Cir. 2015).

2

## ARGUMENT

For three independent reasons, the Court should supplement the administrative record with several documents pertaining to conditions in Salvadoran prisons as of the time Defendants entered into the Agreement. These documents are: six reports by Defendant the Department of State concerning human rights conditions in El Salvador; a report by the Inter-American Commission on Human Rights examining the state of emergency that has been in place in El Salvador since 2022 and its implications for human rights; and a declaration by Juanita Goebertus of Human Rights Watch regarding the conditions in Salvadoran prisons (attached to Plaintiffs' motion for summary judgment as Exhibits 1–8).

First, material information concerning human rights conditions in El Salvador appears to have been "deliberately or negligently excluded" from the record and would be "adverse to [Defendants'] decision." *Kempthorne*, 530 F.3d at 1002. Second, all of these materials provide critical "background information" to allow the Court "to determine whether the agency considered all of the relevant factors." *Id.* Third, considerations of all of these materials is necessary to ensure that the record is not so threadbare "as to frustrate judicial review." *Id.* Any one of these reasons would provide sufficient grounds for supplementing the record.

**1.** "[A]n agency may not . . . exclud[e] unfavorable information" from the record nor "exclude information simply because it did not rely on it for its final decision." *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 20 (D.D.C. 2013) (quotation marks and citations omitted). "A plaintiff can make a prima facie showing that an

agency excluded adverse information from the record by proving that the documents at issue (1) were known to the agency at the time it made its decision, (2) are directly related to the decision, and (3) are adverse to the agency's decision." *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 198 (D.D.C. 2005) (internal quotations omitted).

These factors are easily met here with respect to the documents issued by the Inter-American Commission and by the State Department itself. Plainly, the agency's own reports (from 2023, 2020, and 2018) "were known to the agency at the time it made its decision" in 2025. *See id.*; *see also Kent Cnty., Delaware Levy Ct. v. EPA*, 963 F.2d 391, 396 (D.C. Cir. 1992) (supplementing record and faulting agency for failure to include documents reflecting "the position of the agency's own experts on the question central to this case").[1]

So too, the State Department would have been aware of the Inter-American Commission's report: The Commission is an organ of the Organization of American States, of which the United States is a founding member, located in Washington, D.C. The State Department is well aware of its work and its formal reports. For example, not long after the first renditions of people under the Agreement, the State Department acclaimed the Commission's expertise "as a leading human rights body" and specifically noted its work producing "recommendations to OAS member states

---

[1] In the alternative, the Court may simply take judicial notice of these seven documents. *See, e.g.*, *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021) (taking judicial notice of "State Department reports" and citing similar rulings); *Da Costa v. Immigr. Inv. Program Off.*, 643 F. Supp. 3d 1, 8 (D.D.C. 2022) (Court may take judicial notice of "information posted on official public websites of government agencies"), *aff'd*, 80 F.4th 330 (D.C. Cir. 2023).

to improve the human rights conditions in their countries." Press Release, Dep't of State, *Announcement of Candidate to the Inter-American Commission on Human Rights* (Mar. 26, 2025), https://perma.cc/3TN2-SN83 (also emphasizing that "[t]he United States is pleased to be a strong supporter of the IACHR and is committed to continuing support").

It is equally clear that the reports and the details they contain about conditions in El Salvador and its prison system are "directly related to the decision" to enter into the Agreement, *see Fund for Animals*, 391 F. Supp. 2d at 198, because they describe the conditions into which people would be rendered, conditions that bear directly on the government's legal obligations, including but not only under the Convention Against Torture and its implementing laws.

In addition, the reports are "adverse to the agency's decision," *see id.*, because they tend to show that Defendants' decision to enter into the Agreement condemns people to indefinite detention in hellish conditions and is contrary to numerous federal laws.

This first test alone therefore justifies supplementing the record with the six State Department reports on human rights in El Salvador and the Inter-American Commission report.

**2.** It is also appropriate to supplement the record with all eight of proffered documents for the separate and independent reason that they provide key "background information" to assist the Court in "determin[ing] whether the agency considered all of the relevant factors" when it acted. *Kempthorne*, 530 F.3d at 1002.

5

Basic principles of administrative law required that Defendants, in entering into the Agreement, consider all "relevant factors"—including, of course, all applicable federal laws—and not simply ignore an "important aspect of the problem" before them. *See Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Some important aspects of the problem before the agency include the conditions in which people rendered under the Agreement would be held, whether sending people to be held indefinitely in those conditions is contrary to federal law, and whether those conditions warranted considering alternative options. Yet the record materials Defendants have produced contain little to no information bearing on these issues. For this reason, it is both appropriate and necessary to supplement the record with materials that provide this relevant background information before the agency to ensure that the Court can assess the agency's action under foundational APA principles.

**3.** Finally, and relatedly, supplementation is warranted in this case because "there was such failure to explain administrative action as to frustrate effective judicial review." *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973); *see also Kempthorne*, 530 F.3d at 1002. The record produced by Defendants contains no information about conditions in El Salvador or its prison system prior to when Defendants entered into the Agreement. It therefore threatens to frustrate effective judicial review of whether the Agreement was contrary to law and constitutional right or arbitrary and capricious because, e.g., the agency simply ignored evidence of gross human rights abuses. This omission is the kind of "gross procedural deficiency" that threatens

6

"effective review of Plaintiff[s'] APA claims and thus warrants admission of extra-record evidence." *United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 6 (D.D.C. 2017).

## CONCLUSION

For all these reasons, the Court should grant leave to supplement the record with the eight documents Plaintiffs have proffered concerning conditions in El Salvador and its prison system.

Dated: August 22, 2025

Respectfully submitted,

/s/ *Jessica Anne Morton*

Jessica Anne Morton (DC Bar No. 1032316)
Kevin E. Friedl (DC Bar No. 90033814)
Robin F. Thurston (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmorton@democracyforward.org
kfriedl@democracyforward.org
rthurston@democracyforward.org

*Counsel for All Plaintiffs*

Anthony Enriquez (DDC Bar No. NY0626)
Sarah T. Gillman (DDC Bar No. NY0316)
Robert F. Kennedy Human Rights
88 Pine Street, Suite 801
New York, NY 10005
(917) 284-6355
enriquez@rfkhumanrights.org
gillman@rfkhumanrights.org

Sarah E. Decker (DDC Bar No. NY0566)
Medha Raman (DC Bar No. 90027539)

7

Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanrights.org
raman@rfkhumanrights.org

*Counsel for Plaintiff RFK Human Rights*