IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Case No. 25-cv-1774-JEB |

**MOTION FOR RELIEF FROM STANDING ORDER NO. 25-55**

  This case challenges an Agreement between Defendants, the State Department and Secretary Marco Rubio, and El Salvador to facilitate the extrajudicial rendition of people within the United States into detention in inhumane conditions. In an effort to avoid burdening the Court with duplicative preliminary briefing, the parties negotiated—and the Court entered—a briefing schedule on cross-motions for summary judgment that would enable the orderly and expeditious resolution of this dispute. ECF No. 15; July 9, 2025 Minute Order. Following today's filing, only one deadline remains in that schedule: Defendants' reply brief, currently due November 5. Given the critical importance of the issue at hand, Plaintiffs respectfully request relief from Standing Order No. 25-55, which would extend that deadline—and the resolution of Plaintiffs' challenge to unconstitutional and otherwise unlawful agency action—by at least 46 days (and counting). Pursuant to Local Rule 7(m), Plaintiffs have conferred with counsel for Defendants, who indicate that they plan to oppose this motion.

1

Although Department of Justice employees "are generally prohibited" from working during a budget impasse, there are, as the Court has recognized, "limited exceptions." Standing Order 25-55 (Oct. 1, 2025). One of those exceptions is where a court orders a case to continue. *See Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring). Thus, as DOJ itself has acknowledged, if the Court grants this motion, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *U.S. Department of Justice FY 2026 Contingency Plan* 3 (Sept. 29, 2025), https://perma.cc/XT7Z-VTFZ.

There is good cause for the Court to order this case to continue. As Plaintiffs explained in their opposition to Defendants' cross-motion for summary judgment, ECF No. 37, the Agreement remains in place in violation of the Constitution and key statutory protections—and so too Plaintiffs' significant injuries.

What's more, the government has taken the position that immigration enforcement will continue unabated notwithstanding the budget impasse. *See* Justin Doubleday, *Most DHS employees will continue working through shutdown*, Federal News Network (Sept. 30, 2025), https://perma.cc/YR9F-2NK5 (showing that more than 91% of Department of Homeland Security employees will continue working during the shutdown); Ben Penn, *DOJ Seeks to Continue Civil Immigration Cases in Shutdown*, Bloomberg Law (Oct. 3, 2025), https://news.bloomberglaw.com/us-law-week/doj-seeks-to-continue-civil-immigration-cases-in-shutdown (reporting that DOJ directed attorneys that they "should NOT seek a stay on any civil immigration

2

matters, whether affirmative or defensive"); *see also* Carol Rosenberg, *U.S. Empties Migrant Detention Space at Guantánamo*, N.Y. Times (Oct. 17, 2025), https://www.nytimes.com/2025/10/17/us/politics/guantanamo-migrants-deported.html (describing deportation of migrants).

Relief from Standing Order 25-55 is therefore necessary to avoid the unjustifiable outcome that the government might be able to continue availing itself of the Agreement during the present lapse in appropriations, while Plaintiffs would be unable to proceed in their challenge of it.  Plaintiffs respectfully request that the Court grant this motion, order Defendants to abide by the previously agreed and entered November 5 deadline, and schedule oral argument on the pending cross-motions at the Court's convenience.  Plaintiffs further respectfully request that the Court give this motion such expedited consideration as is necessary to avoid substantial delay to the resolution of this case.

Dated:  October 22, 2025             Respectfully submitted,

/s/ *Jessica Anne Morton*

Jessica Anne Morton (DC Bar No. 1032316)
Kevin E. Friedl (DC Bar No. 90033814)
Robin F. Thurston (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmorton@democracyforward.org
kfriedl@democracyforward.org
rthurston@democracyforward.org

*Counsel for All Plaintiffs*

3

        Anthony Enriquez (DDC Bar No. NY0626)
        Sarah T. Gillman (DDC Bar No. NY0316)
        Robert F. Kennedy Human Rights
        88 Pine Street, Suite 801
        New York, NY 10005
        (917) 284-6355
        enriquez@rfkhumanrights.org
        gillman@rfkhumanrights.org

        Sarah E. Decker (DDC Bar No. NY0566)
        Robert F. Kennedy Human Rights
        1300 19th Street NW, Suite 750
        Washington, DC 20036
        (202) 559-4432
        decker@rfkhumanrights.org

        *Counsel for Plaintiff RFK Human Rights*

**CERTIFICATE OF SERVICE**

On October 22, 2025, I caused the foregoing and accompanying proposed order to be filed via CM/ECF, which provides electronic notice to all counsel of record. Additionally, as required by Standing Order No. 25-55, I caused the foregoing and accompanying proposed order to be e-mailed to USADC.ServiceCivil@usdoj.gov.

/s/ *Jessica Anne Morton*
Jessica Anne Morton