## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT F. KENNEDY HUMAN
RIGHTS, *et al.*,

        *Plaintiffs*,

      v.

DEPARTMENT OF STATE, *et al.*,

        *Defendants*.

Case No. 1:25-cv-01774-JEB

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM STANDING ORDER NO. 25-55

The Government hereby files this opposition to Plaintiffs' motion for relief from Standing Order No. 25-55 (ECF No. 38) (the "Motion"). This Court sensibly entered that order because "[e]mployees of [] affected agencies, including the Department of Justice, are generally prohibited, with limited exception from working during the pendency of the lapse in appropriations, even on a voluntary basis." Standing Order No. 25-55. And the Court found that there was good cause to "extend[] deadlines and stay[] matters in which the United States, its agencies, and its officers and employees are involved." *Id.* Plaintiffs' motion should be denied for at least 3 reasons.

*First*, the Anti-Deficiency Act requires that absent an appropriation, Department of Justice attorneys and employees of the Defendant agency, the Department of State, are prohibited from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Anti-Deficiency Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently

threaten the safety of human life or the protection of property." *Id.* Plaintiffs do not argue that this case falls within the emergency exception. *See generally* Motion. That is reason enough to grant a stay.

Primarily, Plaintiffs respond that the Court could simply order Defendants to litigate this case as if the Anti-Deficiency Act did not exist. *Id.* at 2. They do not cite to the Anti-Deficiency Act and argue that the Department of Justice can litigate cases "where a court orders a case to continue." *Id.* But that argument ignores the plain language of the Anti-Deficiency Act, which requires a determination that staying this litigation would "imminently threaten the safety of human life or the protection of property." 31 U.S.C. § 1342. Even if the practical reality is that Defendants are required to comply with all applicable court orders—as undersigned counsel are doing at this very moment in conducting expedited discovery and preparing for a trial scheduled for October 29 through October 31—the Anti-Deficiency Act is not a legal nullity that can be ignored as a matter of course without any consideration of the applicable statutory factors. *See, e.g.*, *Rubin v. Islamic Rep. of Iran*, 583 U.S. 202, 213 (2018) (noting that "one of the most basic interpretive canons . . . is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant") (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). Plaintiffs' failure to make a requisite showing is dispositive.

*Second*, Plaintiffs provide no facts demonstrating why this case must be decided now. All 252 Venezuelan nationals who were removed to El Salvador have been returned to Venezuela since July 2025, and Plaintiffs do not provide any information indicating that anyone will be removed under the challenged Arrangement, arguing only that "the government might be able to continue availing itself of the [Arrangement]during the present lapse in appropriations." Motion

2

at 3.  But nothing has occurred since March of this year under the Arrangement, and Plaintiffs'
speculation that something will is plainly insufficient.  In Plaintiffs' view, the Court should
continue with "the orderly and expeditious resolution of this dispute" based on scheduling the
parties agreed to well before the lapse in appropriations occurred.  *See* Motion at 1.  But the lapse
in appropriations did occur, and both the Department of Justice and Department of State are short-
staffed at the present time and lack the resources to work on this case unless there is a decision by
agency leadership excepting additional attorneys from furlough.  The only other alternative is
shifting existing excepted personnel from matters that meet the standard in the Anti-Deficiency
Act.  The Court should not ignore the Anti-Deficiency Act merely because Plaintiffs want this case
resolved quickly.

  *Third*, Plaintiffs miscalculate the time for which Defendants would have to respond.
Plaintiffs argue that applying the Standing Order will "extend th[e] deadline . . . by at least 46
days."  Motion at 1. But that is incorrect—Defendants could not reply to Plaintiffs' opposition
until October 22, and the best reading of the Standing Order is that the Court will give the amount
of time that the United States would ordinarily have to meet the deadlines plus ten extra days once
the shutdown ends.  The Court should apply that Order here and allow Defendants to respond with
the number of days calculated from October 22 until the lapse of appropriations ends plus ten days.

  For these reasons, the Court should deny Plaintiffs' motion.

Dated: October 24, 2025     Respectfully submitted,

         BRETT A. SHUMATE
         Assistant Attorney General
         Civil Division

         JEAN LIN
         Special Litigation Counsel

         TIBERIUS DAVIS

Counsel to Assistant Attorney General

*/s/ J. Stephen Tagert*
J. STEPHEN TAGERT
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-8486
Stephen.Tagert@usdoj.gov

*Counsel for Defendants*