IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants.* | Case No. 25-cv-1774-JEB |

**REPLY IN SUPPORT OF**
**MOTION FOR RELIEF FROM STANDING ORDER NO. 25-55**

Plaintiffs' motion explained why the Court should direct Defendants to file their reply brief by the November 5 deadline that the parties previously negotiated in an effort to avoid duplicative preliminary briefing. *See* ECF No. 38; *see also* Minute Order of July 9, 2025 (adopting and entering the parties' jointly proposed briefing schedule). Nothing in Defendants' opposition overcomes that showing.

Defendants contend that the Anti-Deficiency Act prohibits government employees from working in all situations "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. That is inaccurate. It is contrary to the text of the Act, which not only allows work in emergencies but also separately permits work that is "authorized by law," including outside of emergency situations. *Id.* And it is contrary to the Court of Appeals's longstanding and consistent understanding of the Act. *See Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (collecting cases). That understanding reflects

1

the federal courts' role in our constitutional system and provides for individualized determinations regarding whether individual cases continue during a shutdown—a result that hardly renders the Act "a legal nullity," *contra* ECF No. 41 at 2.

Defendants' position is even contrary to the Department of Justice's own understanding of the Act, which recognizes that work may continue in numerous circumstances besides emergencies, *see U.S. Department of Justice FY 2026 Contingency Plan* 1 (Sept. 29, 2025) (listing such circumstances), https://perma.cc/XT7Z-VTFZ, including where a court has ordered the work be done, *see id.* at 3 (recognizing that a court order provides "express legal authorization for the activity to continue"). And it is contrary to the government's own actions—for example, its decision to continue nearly all immigration enforcement during the lapse in appropriations, regardless of whether an imminent threat to the safety of life or property exists. *See* ECF No. 38 at 2–3.

Defendants claim this case can wait. Wrong again. As Plaintiffs have shown, the unconstitutional and otherwise unlawful Agreement to render people into U.S.-funded detention in El Salvador remains in place and continues to harm Plaintiffs and others. *See, e.g.*, ECF No. 39 at 19–20. People rendered under that Agreement—including some of Plaintiffs' clients—remain imprisoned in El Salvador in horrifying conditions. Ex. 31 ¶ 6. The administration continues to threaten additional renditions to CECOT under the Agreement. *E.g.*, Ex. 61; Ex. 62. And the government also does not dispute Plaintiffs' point that it does not see the lapse in appropriations as an

obstacle to conducting such renditions, even as it argues that the lapse means that Plaintiffs' challenge to the Agreement cannot move forward. *See* ECF No. 38 at 3.

Lastly, Defendants suggest that agency leadership has furloughed too many attorneys for Defendants to be able to file their reply brief in this case. That assertion is hard to square with the Department of Justice's statement that 89% of its employees would be excepted from furlough. *See U.S. Department of Justice FY 2026 Contingency Plan* 2. But even if one accepted Defendants' premise, they themselves identify the solution to that self-created problem: either "except[] additional attorneys from furlough" or "shift[] existing excepted personnel" from other matters, ECF No. 41 at 3, including from the ordinary civil immigration cases that the government has apparently decided to continue even during the lapse in appropriations, *see* Ben Penn, *DOJ Seeks to Continue Civil Immigration Cases in Shutdown*, Bloomberg Law (Oct. 3, 2025), https://news.bloomberglaw.com/us-lawweek/doj-seeks-to-continue-civil-immigration-cases-in-shutdown (reporting that DOJ directed attorneys that they "should NOT seek a stay on any civil immigration matters, whether affirmative or defensive"). The Court should not allow the government to leverage the lapse in appropriations in order to halt the cases it wants to avoid while continuing to pursue the cases it likes.

Dated:  October 27, 2025                    Respectfully submitted,

/s/ *Kevin E. Friedl*

Kevin E. Friedl (DC Bar No. 90033814)
Jessica Anne Morton (DC Bar No. 1032316)
Robin F. Thurston (DC Bar No. 1531399)
Democracy Forward Foundation

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org

*Counsel for All Plaintiffs*

Anthony Enriquez (DDC Bar No. NY0626)
Sarah T. Gillman (DDC Bar No. NY0316)
Robert F. Kennedy Human Rights
88 Pine Street, Suite 801
New York, NY 10005
(917) 284-6355
enriquez@rfkhumanrights.org
gillman@rfkhumanrights.org

Sarah E. Decker (DDC Bar No. NY0566)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanrights.org

*Counsel for Plaintiff RFK Human Rights*

## CERTIFICATE OF SERVICE

On October 27, 2025, I caused the foregoing to be filed via CM/ECF, which provides electronic notice to all counsel of record. Additionally, I caused the foregoing to be e-mailed to USADC.ServiceCivil@usdoj.gov.

*/s/ Kevin E. Friedl*
Kevin E. Friedl
