IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 25-cv-1774-JEB |
| DEPARTMENT OF STATE, *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND CROSS-MOTION FOR SUMMARY JUDGMENT**

The government contends in its reply brief that Plaintiffs' contrary-to-law claim fails because "Plaintiffs are outside the 'zone of interest' of the cited constitutional, statutory, and regulatory provisions." ECF No. 43 at 16. The government is wrong.

"[A] person suing under the APA must satisfy not only Article III's standing requirements, but an additional test: The interest he asserts must be arguably within the zone of interests to be protected or regulated by the statute that he says was violated." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012) (quotation marks omitted). That inquiry is "not especially demanding" and is satisfied if the plaintiff is "even *arguably* within the zone of interests to be protected or regulated by the statute . . . in question." *FDA v. R. J. Reynolds Vapor Co.*, 606 U.S. 226, 233 (2025) (quotation marks omitted; emphasis in original). "The test forecloses suit only when a plaintiff's interests are so marginally

1

related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Match-E-Be-Nash-She-Wish Band*, 567 U.S. at 225 (quotation marks omitted).

Plaintiffs easily exceed that low bar and so can pursue their contrary-to-law claim. The organizational Plaintiffs—and NACDL's members—provide direct services to people who are in immigration detention or otherwise at risk of removal, and they undertake other work relating to, for example, conditions of confinement and the provision of legal services. The various laws they invoke in their contrary-to-law claim all concern the conditions in which the government may confine and remove the people Plaintiffs serve. By no stretch of the imagination can Plaintiffs' interests be said to be "so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Id.*

Thus, to give just one example, numerous courts in this District have already found that groups that—like Plaintiffs here—provide legal and other direct immigration services are within the zone of interest of the Immigration and Nationality Act, one of the laws Plaintiffs invoke. *See Las Americas Immigrant Advoc. Ctr. v. DHS*, 783 F. Supp. 3d 200, 217–18 (D.D.C. 2025), *appeal pending*, No. 25-5313 (D.C. Cir.); *Cath. Legal Immigr. Network, Inc. v. Exec. Off. for Immigr. Rev.*, 513 F. Supp. 3d 154, 171 (D.D.C. 2021); *Nw. Immigrant Rts. Project v. United States Citizenship & Immigr. Servs.*, 496 F. Supp. 3d 31, 51–52 (D.D.C. 2020).

The government's under-developed argument fails to account for those decisions or make any attempt to demonstrate that Plaintiffs' interests are so "marginally related to or inconsistent with the purposes" of the laws Plaintiffs invoke that "it cannot reasonably be assumed that Congress intended to permit the suit." *Match-E-Be-Nash-She-Wish Band*, 567 U.S. at 225. And its suggestion that Plaintiffs "must belong to the class of persons to whom the statute grants a right to sue," ECF No. 43 at 16, misstates the applicable standard under the APA, "which permits suit for violations of numerous statutes of varying character that do not themselves include causes of action for judicial review," *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 130 (2014). For claims brought under the APA's "omnibus judicial-review provision," courts employ the "lenient approach" to zone-of-interest analysis described above, *id.*, which Plaintiffs easily satisfy.

Dated:  November 17, 2025              Respectfully submitted,

*/s/ Kevin E. Friedl*

Kevin E. Friedl (DC Bar No. 90033814)
Jessica Anne Morton (DC Bar No. 1032316)
Robin F. Thurston (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org

*Counsel for All Plaintiffs*

3

Anthony Enriquez (DDC Bar No. NY0626)
Sarah T. Gillman (DDC Bar No. NY0316)
Robert F. Kennedy Human Rights
88 Pine Street, Suite 801
New York, NY 10005
(917) 284-6355
enriquez@rfkhumanrights.org
gillman@rfkhumanrights.org

Sarah E. Decker (DDC Bar No. NY0566)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanrights.org

*Counsel for Plaintiff RFK Human Rights*