**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT F. KENNEDY HUMAN RIGHTS, *et al.*,

*Plaintiffs*,

v.

DEPARTMENT OF STATE, *et al.*,

*Defendants*.

Case No. 25-cv-1774-JEB

**NOTICE**

Plaintiffs write to address the D.C. Circuit's recent decision in *Coalition for Humane Immigrant Rights v. Mullin*, --- F.4th ----, 2026 WL 2317908 (D.C. Cir. Aug. 11, 2026), which discussed redressability issues related to those raised by Plaintiffs' pending motion for reconsideration, Dkt. 50.

The plaintiffs in *Coalition* challenged two actions: (1) a DHS memo "direct[ing] immigration officers to consider whether expedited removal should be applied to anyone who is 'amenable,' including those who have 'active parole status,'" and (2) an agency email "indicating that officers 'may process for [expedited removal] any arriving alien,' including 'paroled arriving aliens.'" *Coalition*, 2026 WL 2317908, at *2. The sole form of relief the plaintiffs sought was a stay of those actions. *See, e.g.*, Proposed Order, *Coalition*, No. 1:25-cv-00872 (D.D.C. June 11, 2025), Dkt. 22-18. The D.C. Circuit held that a stay would not likely redress the plaintiffs' injuries (by reducing the number of expedited removals), because the government would still have the ability under regulation to continue "subject[ing] parolees to expedited removal."

*Id.* at *5 (citing 8 C.F.R. § 1.2). The court thus applied the typical rule that injury is not redressable where "the undoing of the governmental action will not undo the harm." *Id.* (quoting *Renal Physicians Ass'n v. HHS*, 489 F.3d 1267, 1278 (D.C. Cir. 2007)).

This case is starkly different. First, as Plaintiffs have explained, *see* Dkt. 50 at 3, 5–9; Dkt. 52 at 4, they alleged and showed that the challenged Agreement is the necessary means by which the government is able to render people into U.S.-funded confinement in Salvadoran prisons—nothing in the Immigration and Nationality Act or Foreign Assistance Act, standing alone, provides that El Salvador will accept renditioned people into CECOT and detain them at U.S. expense. Thus, in contrast to the situation in *Coalition*, the government here would not retain the ability to continue carrying out its injurious conduct if the Court were to set aside the challenged action. Second, this case—unlike *Coalition*—was resolved on a motion to dismiss. At that stage of the litigation, Plaintiffs' merits arguments about the authority conferred by the INA and FAA must be accepted as true when assessing redressability. Third, Plaintiffs here sought not only vacatur but declaratory and injunctive relief. That relief—for example, an order enjoining Defendants "from taking any steps to implement, give effect to, or reinstate the Agreement," Dkt. 35-1 at 45—would be likely to redress Plaintiffs' injuries, as Plaintiffs have shown, *see* Dkt. 50 at 9–10; Dkt. 52 at 6, and the government has failed to meaningfully contest, *see* Dkt. 51 at 9. In contrast, the only form of relief that the plaintiffs sought and the court addressed in *Coalition* was a stay of agency action.

Dated: August 25, 2026

Respectfully submitted,

*<u>/s/ Kevin E. Friedl</u>*
Kevin E. Friedl (DC Bar No. 90033814)
Jessica Anne Morton (DC Bar No. 1032316)
Robin F. Thurston (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org

*Counsel for All Plaintiffs*

Anthony Enriquez (DDC Bar No. NY0626)
Sarah T. Gillman (DDC Bar No. NY0316)
Robert & Ethel Kennedy Human Rights Center
88 Pine Street, Suite 801
New York, NY 10005
(917) 284-6355
enriquez@kennedyhumanrights.org
gillman@kennedyhumanrights.org

Sarah E. Decker (DDC Bar No. NY0566)
Robert & Ethel Kennedy Human Rights Center
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@kennedyhumanrights.org

*Counsel for Plaintiff*
*Robert & Ethel Kennedy Human Rights Center*
*(formerly RFK Human Rights)*